UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0154-B-9 |
| | § | |
| ERIC THOMAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eric Thomas's Motion for Compassionate Release (Doc. 407). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On June 19, 2018, Thomas was sentenced to 110 months of imprisonment and two years of supervised release after pleading guilty to possession of a firearm by a felon. Doc. 322, J., 1–3. Thomas is currently thirty-five years old and is confined at Pollock Federal Correctional Institution (FCI) with a statutory release date of April 4, 2025.[1] As of November 13, 2020, Pollock FCI has one active case of COVID-19 among its inmates and eight among its staff.[2]

Thomas filed a motion for compassionate release (Doc. 407) with this Court on November 5, 2020. In his motion, Thomas asks the Court to grant him compassionate release due to his "family

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/.

circumstances and the COVID-19 [p]andemic." Doc. 407, Def.'s Mot., 3. The Court addresses this motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Thomas's request for compassionate release fails because he has not satisfied the exhaustion requirement or shown extraordinary and compelling circumstances warranting release.

A.   *Thomas Has Not Satisfied § 3582's Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Thomas has not complied with this requirement. Though he states that he submitted "an electronic request" for compassionate release to the warden of his facility, and that the warden has not responded, Doc. 407, Def.'s Mot., 1–2, he attaches no proof of this request. *See generally id.* Thus, Thomas has not proven that he made a request to the warden for compassionate release, nor that thirty days have passed since the warden received such a request, and his compassionate-release motion fails. *See United States v. Franco*, —F.3d—, 2020 WL 5249369, at *2–3 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and defendants seeking compassionate release "must first file a request with the BOP"). Accordingly, the Court **DENIES** Thomas's motion **WITHOUT PREJUDICE**.

B.  *Irrespective of Exhaustion, Thomas Has Not Shown Extraordinary and Compelling Reasons for Release.*

Thomas has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) cmt. n.1.[4]

---

[3] The Court has recently clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Thomas requests compassionate release based on the health conditions of his mother—the caregiver of his minor son and stepdaughter. Doc. 407, Def.'s Mot., 3. Thomas states that his mother, Ms. Smith, is sixty years old and overweight, and she suffers from high blood pressure and a pinched nerve. *Id.* at 3–4. These health conditions, Thomas contends, render Ms. Smith "incapacitated to continue" caring for Thomas's children and more "susceptible to catching COVID-19." *Id.* at 4. Further, Thomas explains that should "something happen[]" to Ms. Smith, Thomas's siblings will not likely be able to care for Thomas's children while he remains incarcerated. *Id.*

Thomas's family situation, however, does not currently warrant his release. Under § 1B1.13, "[t]he death or incapacitation of the caregiver of [a] defendant's minor child" constitutes an extraordinary and compelling reason for release. § 1B1.13(1)(A) cmt. n.1. Though § 1B1.13 does

---

determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive . . . ." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

not elaborate upon "incapacitation," the BOP has published a Program Statement that courts rely upon for guidance in determining the propriety of compassionate release. *See, e.g.*, *United States v. Collins*, 2020 WL 136859, at *4 (D. Kan. Jan. 13, 2020) (citing BOP Program Statement 5050.50). Under the Program Statement, for requests based on the incapacitation of a minor child's caregiver, "'incapacitation' means the family member caregiver suffered a severe injury (e.g., auto accident) or suffers from a severe illness (e.g., cancer) that renders the caregiver incapable of caring for the child." BOP Program Statement 5050.50, 7. Further, the Program Statement requires an inmate to submit, among many other documents, "verifiable medical documentation of the incapacitation." *Id.*

Though this guidance is not binding, the Court finds it relevant here and concludes that Thomas is not entitled to compassionate release. As a preliminary matter, the Court is uncertain whether Ms. Smith is, indeed, the *sole* caregiver of Thomas's children. Assuming that she is, however, Ms. Smith does not qualify as incapacitated under § 1B1.13. First, Thomas has not explained how Ms. Smith's ailments are so severe that she is physically incapable of caring for his children. BOP Program Statement 5050.50, 7. Second, Thomas has not provided any documentation of his mother's illnesses. As a result, the Court concludes that Thomas's family circumstances are not extraordinary and compelling reasons for release.

Nor do generalized concerns about the COVID-19 pandemic constitute extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . ." *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). And as explained above, Thomas's individualized circumstances do not rise to the level of extraordinary and compelling. Thomas's failure to demonstrate extraordinary and compelling reasons for release constitutes another basis for denying

his motion.

## IV.

## CONCLUSION

For the foregoing reasons, Thomas's compassionate-release motion (Doc. 407) is **DENIED WITHOUT PREJUDICE**. By denying Thomas's motion without prejudice, the Court permits Thomas to file a subsequent motion for compassionate release upon satisfaction of the exhaustion requirement and a change in circumstances rising to the level of extraordinary and compelling. Further, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Because Thomas has not satisfied the exhaustion requirement or provided extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: November 16, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE