UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:17-CR-0154-B-9 |
| | § | |
| ERIC THOMAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Eric Thomas's Motion for Compassionate Release (Doc. 410). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On June 19, 2018, Thomas was sentenced to 110 months of imprisonment and two years of supervised release after pleading guilty to possession of a firearm by a felon. Doc. 322, J., 1–3. Thomas is currently thirty-five years old and is confined at Pollock Federal Correctional Institution (FCI) with a statutory release date of April 4, 2025.[1] As of December 2, 2020, Pollock FCI has two active cases of COVID-19 among its inmates and twelve among its staff, as well as 55 recovered cases.[2] Thomas filed a motion for compassionate release (Doc. 383) on May 4, 2020, which the Court denied after finding that Thomas failed to exhaust his administrative remedies and demonstrate

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/.

[2] The BOP's COVID-19 statistics are available at https://www.bop.gov/coronavirus/.

-1-

extraordinary and compelling reasons for a sentence reduction. Doc. 384, Order, 1–2. On November 5, 2020, Thomas filed a second motion for compassionate release (Doc. 407), which the Court denied for the same reasons. Doc. 408, Order, 2.

Thomas filed his third motion for compassionate release—the present motion—on November 30, 2020. Doc. 410, Def.'s Mot. Because the Court again finds that Thomas failed to exhaust his administrative remedies, and fails to demonstrate extraordinary and compelling reasons for a sentence reduction, the motion is **DENIED WITHOUT PREJUDICE**. The Court explains its reasoning below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

## III.

## ANALYSIS

As explained below, Thomas's request for compassionate release fails because he has not satisfied the exhaustion requirement or shown extraordinary and compelling circumstances

warranting release.

A.  *Thomas Has Not Satisfied § 3582's Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[3]

Thomas has not complied with this requirement. Indeed, Thomas does not mention any request to the warden, nor does he attach proof of such a request. *See generally* Doc. 410, Def.'s Mot. Thus, his compassionate-release motion fails. *See United States v. Franco*, —F.3d—, 2020 WL 5249369, at *2–3 (5th Cir. 2020) (concluding that the exhaustion requirement is mandatory and that defendants seeking compassionate release "must first file a request with the BOP"). Accordingly, the Court **DENIES** Thomas's motion **WITHOUT PREJUDICE**.

B.  *Irrespective of Exhaustion, Thomas Has Not Shown Extraordinary and Compelling Reasons for Release.*

Thomas has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A)(i). The policy statement applicable here—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, —F. Supp. 3d—, 2020 WL 1540325, at *1 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See*

---

[3] The Court has clarified its interpretation of the thirty-day prong of the exhaustion requirement. *See United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concludes that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

§ 1B1.13(1)(A) cmt. n.1.[4]

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019).[5] These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11).

The Court does the same here. Thomas requests compassionate release on the grounds that "[p]ositive COVID-19 cases ha[ve] made [their] way into [Thomas's housing unit] at [Pollock FCI]" and that, despite precautions at Pollock FCI, Thomas is put "at risk when others refuse to take the precautions." Doc. 410, Def.'s Mot., 1.

As a preliminary matter, Thomas's generalized concerns about the spread of the COVID-19 virus within his facility do not constitute extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . ." *United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020). Further, Thomas explains that "all the necessary precautions are being exercised" at Pollock FCI,

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with" the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1(D). Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

[5] Additionally, the Fifth Circuit recently noted that the commentary of § 1B1.13 is "not dispositive . . . ." *United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam).

including temperature checks and COVID-19 testing conducted by the Health Services Department. Doc. 410, Def.'s Mot., 1. Under these circumstances, Thomas's confinement at Pollock FCI does not constitute an extraordinary and compelling reason for release.

Thomas makes no arguments concerning his individual circumstances, other than the fact that he has not contracted the virus and that he is housed in a unit where infection is present. *See id.* Notably, Thomas does not allege that he is in poor health or has any underlying conditions that would make him susceptible to a severe case of COVID-19. *See generally id.* Instead, Thomas bases his request solely on his allegations that COVID-19 is present in his unit. *See generally id.* Contrary to Thomas's assertion, the present circumstances do not rise to the level of extraordinary and compelling. Thomas's failure to demonstrate extraordinary and compelling reasons for release constitutes another basis for denying his motion.

## IV.

## CONCLUSION

For the foregoing reasons, Thomas's compassionate-release motion (Doc. 410) is **DENIED WITHOUT PREJUDICE**. By denying Thomas's motion without prejudice, the Court permits Thomas to file a subsequent motion for compassionate release upon satisfaction of the exhaustion requirement and a change in circumstances rising to the level of extraordinary and compelling. Further, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the factors of § 3553. Because Thomas has not satisfied the exhaustion requirement or shown extraordinary and compelling reasons for release, the Court need not conduct that analysis today.

Thomas has now motioned the Court three times based on the same or similar facts, and the

Court has now denied his request for compassionate release three times. The Court advises Thomas that he must satisfy the exhaustion requirement before bringing another motion to this Court, and provide sufficient evidence demonstrating that exhaustion. Failure to do so will result in the denial of future motions for compassionate release. Further, to the extent Thomas continues asserting the same grounds as those previously considered to demonstrate extraordinary and compelling reasons for release, the Court will continue to deny his motions.

SO ORDERED.

SIGNED: December 4, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE